USDC SCAN INDEX SHEET

















CAG   7/31/00   13:50

3:00-CV-01527   GRANT V. BAETZ

*1*

*CMP.*

1  THOMAS D. MAURIELLO
   State Bar No. ~~199316~~ 144811
2  **THOMAS D. MAURIELLO, APC**
   *A Professional Law Corporation*
3  425 Market Street, Suite 2200
   San Francisco, CA  94105
4  Telephone: 415/955-2615
   Dacsimile: 415/472-7713
5
6  Counsel for Plaintiffs

00 JUL 23 PM 4:04

7              UNITED STATES DISTRICT COURT

8          SOUTHERN DISTRICT OF CALIFORNIA

9  ERIC GRANT,                    ) File No.
                                  )                 00 CV 1527 (J) (JAH)
10              Lead Plaintiff,   ) <u>CLASS ACTION</u>
                                  )
11       v.                       ) COMPLAINT FOR:
                                  ) 1) VIOLATION OF THE SECURITIES
12 DOUGLAS R. BAETZ, GLENN M.     ) EXCHANGE ACT OF 1934;
   GALLANT, COLUMBIA CAPITAL CORP., ) 2) VIOLATION OF CALIFORNIA
13 FIRST INDEPENDENT COMPUTERS    ) CORPORATIONS CODE SECTION
   CORP., and DOES 1 - 100,       ) 25400 <u>ET SEQ.</u>;
14                                ) 3) VIOLATION OF THE RACKETEER
                Defendants.       ) INFLUENCED CORRUPT
15                                ) ORGANIZATIONS ACT;
                                  ) 4) FRAUD;
16                                ) 5) CONSPIRACY;
                                  ) 6) VIOLATION OF CALIFORNIA
17                                ) BUSINESS AND PROFESSIONS
                                  ) CODE SECTION 17200 <u>ET SEQ.</u>
18                                )
                                  ) <u>DEMAND FOR JURY TRIAL</u>
19                                )
                                  )
20  _____

**BY FAX**

21
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /
    / / /

Filed By
Fax & File

1                        **JURISDICTION AND VENUE**

2        1.    Jurisdiction is conferred by §27 of the Securities

3   Exchange Act of 1934 ("1934 Act").   The claims asserted herein

4   arise under §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5.

5   Further jurisdiction is conferred pursuant to the Racketeer

6   Influenced Corrupt Organizations Act ("RICO").   The claims asserted

7   herein further arise under of RICO.   Further jurisdiction is

8   confrred by supplemental or pendent jusrisdiction as to Plaintiffs'

9   state law claims.

10       2.    Venue is proper in this District pursuant to §27 of the

11  1934 Act.  Defendants further sold or caused to be sold securities

12  in Columbia Capital Corp. to investors residing in this District

13  and issued false and misleading statements to such investors.

14                           **THE PARTIES**

15       3.    Plaintiff Eric Grant purchased or acquired 500 shares of

16  Columbia Capital stock during the Class Period, and suffered

17  damages as a result of violations of the federal securities laws

18  alleged herein.

19       4.    Defendant Columbia Capital Corp. ("Columbia" or the

20  "Company") a Delaware corporation with its principal executive

21  offices located in Abilene, Texas, is in the business of credit and

22  debit card services, banking and financial services, and document

23  management and distribution services.   Columbia's common stock

24  trades in an efficient market on the NASDAQ National Market System.

25       5.    Defendant Douglas R. Baetz ("Baetz") was at all relevant

26  times a director, officer and principal shareholder of Columbia.

27  He signed Columbia's  relevant shareholder disclosure documents and

28  SEC reports issued during the Class Period.

                                - 1 -

6.    Defendant Glenn M. Gallant ("Gallant") was at all relevant times Secretary of Columbia and chairman of the board of directors and a principal shareholder.  He signed Columbia's relevant shareholder disclosure documents and SEC reports issued during the Class Period.

7.    Defendant First Independent Computers, Inc., a Texas corporation ("FICI"), is in the business of information services and at all times relevant hereto has been a wholly-owned subsidiary of Columbia.

8.    The individuals named as defendants in ¶¶5-6 above are referred to herein as the "Individual Defendants."  The Individual Defendants, because of their positions as high-ranking officers and/or directors with the Company, possessed the power and authority to control the contents of Columbia's quarterly and annual reports, SEC filings, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market.  Each defendant was provided with copies of the Company's reports, SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them but not to the public, each of these defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations which were being made were then materially false and misleading.  The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published"

- 2 -

1  information, the result of the collective action of the Individual
2  Defendants.

3       9.    Each defendant is liable for (i) making false statements,
4  or (ii) failing to disclose adverse facts known to him about
5  Columbia while selling Columbia stock, or (iii) participating in a
6  fraudulent scheme which permitted defendants to sell shares of
7  Columbia stock at artificially inflated prices.   Defendants'
8  fraudulent scheme and course of business that operated as a fraud
9  or deceit on purchasers of Columbia stock was a success, as it
10 (i) deceived the investing public regarding Columbia's products and
11 business; (ii) artificially inflated the price of Columbia's stock
12 and publicly traded options; and (iii) caused Plaintiffs and other
13 members of the Class to purchase Columbia stock and options at
14 inflated prices.

15                     **STATEMENT OF THE CASE**

16      10.   This is a securities class action on behalf of purchasers
17 of the common stock and publicly traded options for common stock of
18 Columbia from January 1, 1998 through and including December 31,
19 1999 (the "Class Period"), against Columbia and certain of its
20 officers and directors for violations of the 1934 Act.

21      11.   Columbia is in the business of credit and debit card
22 services, banking and financial services, and document management
23 and distribution services. In connection with these services,
24 Columbia provides its customers with a link between consumers,
25 merchants and financial institutions by capturing the initial
26 transaction at the point of sale, giving the merchant credit for
27 that transaction, posting the transaction to the financial
28

                              - 3 -

1  institution's accounts receivables and general ledger, and
2  ultimately placing the transaction on the customer's statement.
3  Columbia operates through its wholly-owned subsidiary, First
4  Independent Computers, Inc., a Texas corporation ("FICI"), a multi-
5  faceted information service company.

6      12.  On April 28, 1997, Defendants Gallant and Baetz purchased
7  all the common stock of FICI for $1,600,000 in cash.  On September
8  23, 1997, Columbia purchased all of the common stock of FICI from
9  Defendants Gallant and Baetz in exchange for 10,631,250 shares of
10  Columbia common stock, which represented approximately 85% of
11  Columbia's then issued and outstanding stock.

12      13.  During the Class Period, Columbia's executives issued
13  extremely positive statements about Columbia's business.
14  Defendants told investors that Columbia enjoyed strong or
15  increasing demand for most of its products and services.  The
16  truth, however, contrasted starkly with defendants'
17  representations.

18      14.  Plaintiffs are informed and believe that Defendants
19  materially inflated sales and earnings, deceiving the investing
20  public. Defendants thus caused Columbia's financial results
21  reported during the Class Period to be in gross violation of
22  Generally Accepted Accounting Principles ("GAAP").  Defendants
23  carefully concealed their conduct.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

- 4 -

1      15.  Defendants' public statements were materially false.  The
2  effect of this fraud was to inflate Columbia's financial results
3  and to cause the market to overvalue Columbia stock and options
4  during the Class Period.

5                              **DEFENDANTS' SCIENTER**

6      16.  The Individual Defendants had the ability to commit the
7  fraud complained of, and did, as they were the top executives
8  and/or directors of Columbia.  Each of the Individual Defendants
9  was in a position to, and did, learn the details of Columbia's
10 business condition, financial reporting, operating results,
11 prospects, and sales and inventory practices, through numerous
12 management meetings, through conversations with other executive
13 officers and directors, and through the review of regularly
14 prepared reports that were circulated among defendants and others
15 regarding the Company's sales, orders, inventories, products, and
16 financial performance.  As Columbia's top executives and/or
17 directors, the Individual Defendants controlled Columbia's publicly
18 issued financial statements and the disclosures made in them,
19 Columbia's public statements, and its SEC filings, and thus could
20 falsify them.  They were involved with important issues facing
21 Columbia's business such as directing and managing sales, and
22 issuing Columbia's SEC filings, press releases and financial
23 statements.

24     17.  Not only did defendants learn of the adverse factors
25 affecting Columbia's business, plaintiffs are informed and believe
26 that they directed steps to conceal these facts from the investing
27 public.
28 / / /

1      18.   Each of the Individual Defendants, because of their top
2   executive positions with Columbia and involvement in the day-to-day
3   management of its business, actually knew from conversations with
4   other corporate officers and employees and their attendance at
5   management and Board meetings, the adverse non-public information
6   about Columbia's misleading financial statements, its deteriorating
7   revenue and EPS prospects, the lack of demand for its services.
8   Thus, each Individual Defendant actually knew or with deliberate
9   recklessness disregarded that Columbia's public statements were
10  false and/or misleading when made.

11              DEFENDANTS' FALSE AND MISLEADING STATEMENTS
                       DURING THE CLASS PERIOD
12

13      19.   As part of defendants' scheme to lead the investing
    public to believe that Columbia's finances, business and prospects
14
    for growth were sound, Columbia issue a number of false and
15
    misleading statements in, inter alia, reports filed with the SEC,
16
    reports to shareholders, and press releases.
17
        20.   The positive statements about Columbia's business made by
18
    defendants during the Class Period were materially false and/or
19
    misleading when issued, and failed to disclose adverse information
20
    which was then known only to defendants due to their access to
21
    internal Columbia data and which was required to be disclosed to
22
    make the statements made not misleading.
23
        21.   Columbia's financial statements and the statements about
24
    them were false and misleading, as such financial information was
25
    not prepared in conformity with GAAP, nor was the financial
26
    information "a fair presentation" of Columbia's operations due to
27
    Columbia's improper accounting in violation of GAAP and SEC rules.
28

                              - 6 -

1     22.   GAAP are those principles recognized by the accounting

2  profession as the conventions, rules and procedures necessary to

3  define  accepted  accounting  practice  at  a  particular  time.

4  Regulation S-X (17 C.F.R. $210.4-01(a)(1)) states that financial

5  statements filed with the SEC which are not prepared in compliance

6  with GAAP are presumed to be misleading and inaccurate.  Regulation

7  S-X requires that interim financial statements must also comply

8  with GAAP, with the exception that interim financial statements

9  need  not  include  disclosure  which  would  be  duplicative  of

10  disclosures accompanying annual financial statements.  17 C.F.R.

11  $210.10-01(a).

12     23.   Due to accounting improprieties with respect to its

13  income, earnings, services and/or reserves, the Company presented

14  its financial results and statements in a manner which violated

15  GAAP.

16     24.   Further, the undisclosed adverse information concealed by

17  defendants during the Class Period is the type of  information

18  which, because of SEC regulations, regulations of the national

19  stock exchanges and customary business practice, is expected by

20  investors and securities analysts to be disclosed and is known by

21  corporate officials and their legal and financial advisors to be

22  the type of information which is expected to be and must be

23  disclosed.

24                    **FIRST CLAIM FOR RELIEF**
                  **For Violation Of $10(b) Of The 1934 Act**
25                **And Rule 10b-5 Against All Defendants**

26     25.   The preceding and superceding paragraphs are incorporated

27  herein by this reference.

28  / / /

- 7 -

1   26.   During the Class Period, defendants disseminated or
2   approved the false statements specified above, which they knew or
3   recklessly disregarded were misleading in that they contained
4   misrepresentations and failed to disclose material facts necessary
5   in order to make the statements made, in light of the circumstances
6   under which they were made, not misleading.

7   27.   Defendants violated §10(b) of the 1934 Act and Rule 10b-5
8   in that they:

9       (a)   Employed devices, schemes, and artifices to defraud;
10      (b)   Made untrue statements of material facts or omitted
11  to state material facts necessary in order to make statements made,
12  in light of the circumstances under which they were made, not
13  misleading; or

14      (c)   Engaged in acts, practices, and a course of business
15  that operated as a fraud or deceit upon Plaintiffs and others
16  similarly situated in connection with their purchases of Columbia's
17  common stock and publicly traded options during the Class Period.

18  28.   Plaintiffs and the Class have suffered damages in that,
19  in reliance on the integrity of the market, they paid artificially
20  inflated prices for Columbia stock and options.  Plaintiffs and the
21  Class would not have purchased Columbia stock or options at the
22  prices they paid, or at all, if they had been aware that the market
23  prices had been artificially and falsely inflated by defendants'
24  misleading statements.

25  / / /
26  / / /
27  / / /
28  / / /

- 8 -

1    29.   As a direct and proximate result of these defendants'

2  wrongful conduct, Plaintiffs and the other members of the Class

3  suffered damages in connection with their purchases of Columbia

4  common stock and its publicly traded options during the Class

5  Period.

6                    **SECOND CLAIM FOR RELIEF**
                **For Violation Of §20(a) Of The 1934 Act**
7                   **Against All Individual Defendants**

8    30.   The preceding and superceding paragraphs are incorporated

9  herein by this reference.

10    31.   Each of the Individual Defendants acted as a controlling

11  person of Columbia within the meaning of §20(a) of  the 1934 Act.

12  By reason of their positions as officers and directors of Columbia,

13  and their ownership of Columbia stock, the Individual Defendants

14  had the power and authority to cause Columbia to engage in the

15  wrongful conduct complained of herein.

16                    **THIRD CAUSE OF ACTION**
                      **(Civil RICO)**
17                   **(Against all Defendants)**

18
       32.   The preceding and superceding paragraphs are incorporated
19
   herein by this reference.
20
       33.   During the relevant time frame, Defendants have engaged
21
   in at least two acts of racketeering, including, but not limited
22
   to,  committing wire fraud, mail fraud, and securities fraud.
23
       34.   In undertaking the aforedescribed actions, Defendants,
24
   and each of them, have engaged in a pattern of racketeering
25
   activity, pursuant to 18 U.S.C section 1962 (a),(b),(c) and (d).
26
   Among other things, Defendants' acts constitute violations of 18
27
   U.S.C sections 1951 (interference with commerce and extortion);
28
   1952 (racketeering); 1957 (relating to engaging in monetary

                            - 9 -

1    transactions in property derived from unlawful activity); and 1959

2    (use of violence in racketeering activities).

3        35.  In undertaking their unlawful actions, defendants, and

4    each of them, have through a pattern of racketeering activity,

5    become associated with an enterprise engaged in, or the activities

6    of which affect, interstate or foreign commerce, and have conducted

7    or participated in the conduct of the affairs of said enterprise.

8        36. In undertaking their unlawful actions, Defendants, and

9    each of them, have violated and conspired to violate the provisions

10   of 18 U.S.C. 1962 (a), (b), (c) and (d).

11       37. By reason of the foregoing, Plaintiffs have been injured

12   in their business or property in an amount which cannot be

13   presently ascertained.    Among other damages and injuries,

14   Plaintiffs have sustained economic damages by virtue of their

15   investments in Columbia.

16       38. As a result of the foregoing, Plaintiffs are entitled to

17   treble damages, plus interest, in an amount to be determined; costs

18   of this suit, and attorneys fees.

19                         **FOURTH CAUSE OF ACTION**
                 **(California Corporations Code section 25400, et seq.)**
20                         **(Against all Defendants)**

21       39.  The preceding and superceding paragraphs are incorporated

22   herein by this reference.

23       40.  California Corporations Code section 25401 makes it

24   unlawful for any person to offer or sell a security in Calfornia

25   or buy or offer to buy a security in California by means of any

26   written or oral communication which contains an untrue statement of

27   material fact or omits to state a material fact necessary in order

28

                              - 10 -

1  to make the statements made, in the light of the circumstances
2  under which they were made, not misleading.

3      41.  Defendants, by the acts herein complained of, sold or
4  caused to be sold Columbia securities in Calfornia  by means of
5  written and/or oral communications containing untrue statements of
6  material fact and/or omitting to state material facts necessary in
7  order   to   make   the   statements   made,   in   the   light   of   the
8  circumstances   under   which   they   were   made,   not   misleading.
9  Defendants thus are in violation of California Corporations Code
10 section 25401.

11     42.  California   Corporations   Code   section   25402   makes   it
12 unlawful for any issuer or person who is an officer, director or
13 controlling   person   of   any   issuer   or   any   other   person   whose
14 relationship   to   the   issuer   gives   him   access,   directly   or
15 indirectly, to material information about the issuer not generally
16 available to the public, to purchase or sell any security of the
17 issuer in this state at a time when he knows material information
18 about   the   issuer   gained   from   such   relationship   which   would
19 significantly affect the market price of that security and which is
20 not generally available to the public, and which he knows is not
21 intended to be so available, unless he has reason to believe that
22 the person selling to or buying from him is also in possession of
23 the information.

24     43.  Defendants, who were officers, directors or controlling
25 persons   of   Columbia,   had   access,   directly   or   indirectly,   to
26 material information about the issuer not generally available to
27 the public.  Defendant, by the acts herein complained of, purchased
28 and/or sold securities of Columbia in California at a time when

- 11 -

1   they knew material information about the issuer gained from such
2   relationship that would significantly affect the market price of
3   Columbia common stock and which was not generally available to the
4   public, and which they knew was not intended to be so available.
5   Defendants had no reason to believe that the person selling to
6   and/or buying from them also had possession of the information.
7   Defendants thus are in violation of California Corporations Code
8   section 25402.

9       44.  Under section 25501, defendants are liable to plaintiffs
10  for rescission and/or damages for their violations of section
11  25401.  Under section 25502, defendants are liable to plaintiffs
12  for damages for their violations of section 25402.

13                          FIFTH CAUSE OF ACTION
                              (Common Law Fraud)
14                          (Against All Defendants)

15      45.  The preceding and superceding paragraphs are incorporated
16  herein by this reference.

17      46.  Defendants knew that the representations they made to
18  plaintiffs regarding Columbia, its finances and prospects were
19  false and misleading when made.  Defendants also knew that the
20  ommissions of material fact made to plaintiffs regarding Columbia,
21  its finances and prospects, were false and misleading when made.

22      47.  Defendants made these false representations, and omitted
23  to state material facts, with the express purpose of inducing
24  plaintiffs to invest and purchase shares in Columbia.

25      48.  Plaintiffs reasonably relied on Defendants' false
26  representations, and on their omissions to state material facts, to
27  invest in and puirchase shares of Columbia.

28

                              - 12 -

1      49.  As a result of the false representations and omissions of

2   Defendants, plaintiffs were injured.

3                      **SIXTH CAUSE OF ACTION**

       **(Unfair Business Practices, California Business**

4            **and Professions Code section 17200, et seq.)**

               **(Against all Defendants)**

5

6      50. The preceding and superceding paragraphs are incorporated

herein by this reference.

7

8      51. Defendants have engaged in improper or illegal activities

9   which amount to unfair business practices, under Business and

Professions Code section 17200, et seq.

10

11     52. Defendants have solicited and collected money from members

12  of the public (including residents of California) for investments

in Columbia securities. Plaintiffs are informed and believe that

13

the money collected by Defendants has been used to further

14

Defendants' unlawful activities.  When investing money in Columbia

15

securities, plaintiffs did not know it was furthering defendants'

16

unlawful activities.  Moreover, material information that would

17

impact on the investing public's decisions on whether or not to

18

invest money in Columbia was withheld from investors.

19

20     53. The actions of Defendants alleged in this complaint

constitute violations of the Unfair Practices Act, California

21

Business and Professions Code section 17200, et seq. Additionally,

22

the benefits of Defendants' actions, when weighed against the risk

23

of misleading or harming the public, are far out weighed so as to

24

constitute unfair business practices.

25

26     54. Pursuant to California Business and Professions Code

section 17204,  Plaintiffs bring this cause of action on their own

27

behalf and on behalf of the public.

28

                        - 13 -

55. In doing the acts alleged, Defendants acted with the intent and purpose of preying on the public, who are unaware of Defendants' pattern and practice of illegal activities.

56. Plaintiffs and the public have no adequate remedy at law, since many of the unfair acts alleged herein are perpetrated in secret, without the knowledge of the public. Defendants' acts also serve to divert business of other bona fide organizations and destroy competition.

57. Plaintiffs are informed and believe that the acts of Defendants alleged herein have caused the public damages in excess of the jurisdictional limits of this court, and that any further acts by Defendants, unless restrained, will cause irreparable injury and damages to the public and Defendants' competitors, the exact nature, amount, and extent of which will be impossible to ascertain.

58. Plaintiffs also seeks an order requiring Defendants to disgorge profits acquired by means of the unfair business practices alleged above.

59. Plaintiffs are also entitled to a reasonable award of attorneys fees for acting in the public's interest.

### SEVENTH CAUSE OF ACTION
#### (Conspiracy)
#### (Against all Defendants)

60. The preceding and superceding paragraphs are incorporated herein by this reference.

61. Plaintiffs are informed and believe and thereon alleges that, in addition to or in the alternative to acting individually for their own improper purposes, Defendants, and each of them, also

- 14 -

1   intentionally conspired with each other to perpetrate the wrongful
2   and illegal acts alleged herein.

3       62. As direct and proximate result of Defendants' current and
4   past actions, Plaintiffs have suffered damages in an amount to be
5   proved at time of trial.

6       63. Defendants' actions were intentional and done with
7   malice. Plaintiffs are, therefore, entitled to an award of
8   punitive damages pursuant to Civil Code Section 3294 and other
9   applicable law.

10              PLAINTIFFS' CLASS ACTION ALLEGATIONS

11      64. Plaintiffs bring this action as a class action pursuant
12  to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of
13  a Class consisting of all persons who purchased shares of Columbia
14  common stock and its publicly traded options during the period
15  January 1, 1988 through December 31, 1999, inclusive (the Class
16  Period), and who were damaged thereby. Excluded from the Class are
17  defendants; the officers and directors of the Company during the
18  Class Period, members of their immediate families, and their legal
19  representatives, heirs, successors or assigns; and any entity in
20  which defendants have or during the Class Period had a controlling
21  interest.

22      65. The members of the Class are so numerous that joinder of
23  all members is impracticable. While the exact number of Class
24  members is unknown to plaintiffs at this time and can only be
25  ascertained through appropriate discovery, plaintiffs believe that
26  there are thousands of members of the Class and that they are
27  geographically dispersed. As of this filing, there were millions
28  of shares of Columbia common stock outstanding, which actively

                          - 15 -

1 traded under the ticker symbol "CLCK" through the NASDAQ bulletin
2 board.

3      66.  Plaintiffs' claims are typical of the claims of the
4 members of the Class, as all members of the Class are similarly
5 affected by defendants' wrongful conduct in violation of federal
6 law and state law that is complained of in this Complaint.

7      67.  Plaintiffs will fairly and adequately protect the
8 interests of the members of the Class and have retained counsel
9 competent  and  experienced  in  class  action  and  securities
10 litigation.

11      68.  Common questions of law and fact exist as to all members
12 of the Class and predominate over any questions solely affecting
13 individual members of the Class.  Among the questions of law and
14 fact common to the Class are:

15           a) Whether defendants' acts as alleged herein constitute
16 violations of the federal securities and state law;

17           b) Whether defendants participated in and pursued the
18 common course of conduct complained of herein;

19           c) Whether statements made by defendants to the investing
20 public during the Class Period misrepresented material facts about
21 the business, finances and operating performance of Columbia;

22           (d)  Whether the market price of Columbia's common stock
23 and options during the Class Period was artificially inflated due
24 to the material misrepresentations and failure to correct the
25 material misrepresentations complained of in this Complaint; and

26           (e)  Whether the members of the Class have sustained
27 damages as a result of defendants' conduct and, if so, the proper
28 measure of damages.

- 16 -

69. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

STATUTORY SAFE HARBOR

70. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false forward-looking statements pleaded in this Complaint. The statutory safe harbor does not apply to Columbia's false financial statements. Also, none of the particular oral forward-looking statements pleaded herein were identified as "forward-looking statements" when made. None of the written forward-looking statements made were identified as forward-looking statements. Nor was it stated as to either type of forward-looking statement that actual results "could differ materially from those projected." Nor did meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements accompany those forward-looking statements. Each of the forward-looking statements alleged herein to be false was authorized by an executive officer of Columbia and was actually known by each of the Individual Defendants to be false when made.

/ / /

/ / /

- 17 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.   Declaring this action to be a proper class action pursuant to Rule 23;

B.   Awarding Plaintiffs and the members of the Class damages, interest and costs (including reasonable attorneys' fees);

C.   Awarding equitable and/or injunctive relief as permitted by law or equity, including the imposition of a constructive trust upon the proceeds of defendants' insider trading, pursuant to Rules 64, 65, and any appropriate state law remedies, and an order requiring Defendants to disgorge all profits and/or contributions obtained as a result of unfair practices; and

D.   Awarding such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

DATED this 28th day of July, 2000.

THOMAS D. MAURIELLO

THOMAS D. MAURIELLO, APC
425 Market Street, Suite 2200
San Francisco, CA  94105
Telephone: 415/955-2615

- 18 -

01-28-00 14:33 ThosMaurielloAPC    P02
                                           ID=415 472 7713

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

**ERIC GRANT**    00 JUL 28 P 4:05

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **San Diego**

(EXCEPT IN U.S. PLAINTIFF CASES)    BY:

DEFENDANTS  **Douglas R. Baetz, Glenn M. Gallant, Columbia, Capital Corp., First Independent Computers, Inc.**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas D. Mauriello, Esq
Thomas D. Mauriello, A.P.C.
425 Market St, Ste. 2200
San Francisco, CA 94105

ATTORNEYS (IF KNOWN)

**'00 CV  1527  J  (JAH)**

BY FAX

II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

18 1962    **Securities Exchange Act of 1934 - securities fraud RICO**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

470

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT:    ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $    CHECK YES only if demanded in complaint:    JURY DEMAND: ☒ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE

DATE  **7/28/00**    SIGNATURE OF ATTORNEY OF RECORD  *Thomas Mauriello*

=\ODMA\PCDOCS\WORDPERFECT\22351\1 January 24, 2000 (3:10pm)

62576  $450 — 

JUL 28 2000 14:26 FR FAX&FILE SAN DIEGO #2  6192323405 TO 14154727713   P.02
JUL 28 2000 14:41                                    415 472 7713    PAGE.02