















BJR   5/15/01   13:10

3:00-CV-01527   GRANT V. BAETZ

*25*

*OPPM.*

ORIGINAL

...ERS & DEMPSEY LLP
...ker (CA Bar # 114789)
...e J. Yu (CA Bar # 182704)
... Maritime Plaza, Third Floor
San Francisco, California 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 391-2493

Attorneys for Defendants
FINITY HOLDINGS, INC., f/k/a
COLUMBIA CAPITAL CORPORATION, and
FINITY CORPORATION, f/k/a/
FIRST INDEPENDENT COMPUTER CORP.

FILED

01 MAY 14 PM 3:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: B. Reed  DEPUTY

BY FAX

Filed By
Fax & File

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC GRANT,

              Lead Plaintiff,

       v.

DOUGLAS R. BAETZ, GLENN M.
GALLANT, COLUMBIA CAPITAL CORP.,
FIRST INDEPENDENT COMPUTERS CORP.,
and DOES 1

              Defendants.

Case No.: 00CV1527-J(BEN)

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
LEAVE TO AMEND**

Date:       **May 29, 2001**
Time:       **10:30 a.m.**
Courtroom:  **12**
Judge:      **Hon. Napoleon A. Jones**

OPPOSITION TO MOTION TO AMEND
Case No. 00CV1527-J(BEN)

25

35650v1v1/33249.00007/05.14.2001

## INTRODUCTION AND SUMMARY

According to the Court's docket records, the Complaint in this action was filed almost ten
months ago on July 28, 2000. On January 5, 2001, this Court issued an Order to Show Cause and
set a hearing *sua sponte* to dismiss the action for want of prosecution under Local Rule 41.1 and
4(m). The hearing was initially set for February 5, 2001. After receiving a declaration from
plaintiff's counsel regarding the circumstances for the delay in moving the case forward, this
Court continued the hearing on the dismissal for want of prosecution until March 5, 2001. Prior
to the scheduled hearing, counsel for plaintiff Eric Grant ("plaintiff") and counsel for Finity
Holdings, Inc. f/k/a Columbia Capital Corporation and Finity Corporation f/k/a First Independent
Computer Corporation (herein collectively, "Finity" or "Finity Defendants"), conferred by
telephone. Plaintiff's counsel represented that they were preparing, and intending to file and
serve, a First Amended Complaint in this action. Upon such representation, the parties entered
into a stipulation setting forth the schedule for plaintiff's filing of the amended complaint, and for
the Finity defendants' filing of an initial response, whether by Answer or Motion to Dismiss.

On March 9, 2001, the Court entered an Order – to which plaintiff stipulated – that
plaintiff would have a deadline of March 23, 2001 by which to file a First Amended Complaint
and that Finity would have thirty days to respond to same. Plaintiff did not meet the March 23,
2001 deadline. On March 28, 2001, plaintiff's counsel left a voice-mail message for Finity's
counsel stating that the amended complaint would be filed by end of that week, i.e. by March 30,
2001. See Declaration of Johnnie Smith ("Smith Decl.") at ¶ 4 and Exh. A, previously filed along
with Finity's Motion to Dismiss. About a month later, when by April 20, 2001 plaintiff still had
not complied with the March 9, 2001 Order, Finity moved to dismiss this action pursuant to Rule
41(b) and for want of prosecution. A week later, on April 27, 2001, plaintiff moved for leave to
file a First Amended Complaint. Plaintiff seeks by the tactical timing of his later-filed motion to
pre-empt and thereby overcome the Ninth Circuit authority upon which Finity's earlier-filed
motion rests.[1]

---

[1]   As stated in Finity's April 20, 2001 motion papers, the Ninth Circuit holds that an involuntary dismissal may be
ordered under Rule 41(b) for failing to meet the deadline for filing the amended complaint. Yourish v. California

1    On April 20, 2001, the Finity defendants moved the Court to dismiss plaintiff's Complaint

2    with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1 following

3    plaintiff's repeated failure to prosecute this action, and more specifically, plaintiff's failure to

4    comply with this Court's March 9, 2001 Order.  One week later, on April 27, 2001, plaintiff filed

5    the instant motion.

6    Plaintiff's motion for leave to amend should be denied for the following reasons:

7    • Plaintiff failed to meet a court-ordered deadline to file his amended complaint.

8    • Plaintiff never gives a reason or an excuse for a delay in filing his amended complaint.

9    • Plaintiff filed this instant motion while a motion to dismiss for failure to prosecute was
10      already pending.

11   • Plaintiff did not attach his proposed amended complaint.

12   • Plaintiff has neither provided an estimate to the Court as to when this purported
        amendment might be filed, nor what claims or parties his amended complaint might
13      include.

14   Plaintiff's motion for leave to amend is a tactic in which plaintiff hopes to (1) circumvent

15   an Order of this Court setting the deadline for filing the amended complaint, without any negative

16   repercussions to plaintiff; (2) obtain the Court's approval for an unfettered right to file an

17   amended complaint at plaintiff's leisure without any indication of when that amended complaint

18   might be prepared or what the claims or parties the proposed amendment might include, all to the

19   detriment and prejudice of the Finity defendants; and (3) avoid the Ninth Circuit's precedent in

20   Yourish, already presented in Finity defendants' motion to dismiss, which motion was pending

21   for a full week before plaintiff's instant motion was even filed.  Based on the plaintiff's pattern of

22   delay, and the reasons discussed more fully below, this Court should deny plaintiff's motion for

23   leave to amend.

24   / / /

25   / / /

26   / / /

27

28   Amplifier, 191 F.3d 983, 987 (9th Cir. 1999).

OPPOSITION TO MOTION TO AMEND                                                                    2
Case No. 00CV1527-J(BEN)                                        35358v1/33249.00007/05.14.2001

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
SHOULD BE DENIED BECAUSE DISMISSAL OF THIS ACTION HAS BEEN
SOUGHT BY MOTION, DISMISSAL IS WITHIN THE DISCRETION OF THIS
COURT, AND DISMISSAL IS WARRANTED UNDER THE CIRCUMSTANCES**

Seeking to invoke the liberality in which motions to amend in a more routine context than this are to be considered, plaintiff fashions his substantive response to Finity's pre-existing motion to dismiss under Rule 41(b) as a motion for leave to amend. However plaintiff's argument is styled, however, the fact remains that the plaintiff failed to meet a court-ordered deadline to file an amended complaint, and thus, this Court is authorized to dismiss plaintiff's case for failure to prosecute and failure to comply with the March 9, 2001 Order. Fed. R. Civ. Proc. 41(b); Local Rule 41.1; Link v. Wabash R. Co., 370 U.S. 626, 633 (1962).

**A.   The Motion for Leave to Amend Should be Denied Because Involuntary
Dismissal With Prejudice is Proper Where Plaintiff Fails to File His Amended
Complaint in Accordance with the Court's Order**

The Ninth Circuit holds that an involuntary dismissal may be ordered under Rule 41(b) for failing to meet the deadline for filing the amended complaint. Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (plaintiff's noncompliance with judge's Order confirming parties' stipulation that plaintiff would amend complaint by specified date was sufficient to justify dismissal with prejudice under Rule 41(b).) Yourish was a securities class action litigation, like this case. The plaintiff in Yourish stipulated to amend the complaint by a certain deadline. The Yourish plaintiff never filed the amended complaint. Instead, three weeks after the court-ordered deadline to file the amended complaint had passed, the Yourish plaintiff filed a motion styled as a Motion for Entry of Written Order re Dismissal of Complaint without Prejudice and for Leave to Use State Discovery to Amend Complaint. Upon the defendant's motion, the trial court in Yourish dismissed the action with prejudice pursuant to Rule 41(b). The Yourish plaintiff appealed on the grounds that while the judge in Yourish made the order in accordance with the parties' stipulation, the order was not in writing, and that in the alternative, that the action should be dismissed without prejudice. The Ninth Circuit affirmed the trial court's dismissal with prejudice noting that although the Order was not in the form of a written Order, the court clerk had entered a minute Order in the file memorializing the judge's oral Order. Id. at 986-987. The

. Circuit further held that, although the dismissal with prejudice might seem harsh, the trial court did not abuse its discretion. Id. at 992 (citing five factors weighed by the Ninth Circuit in

3   determining that the trial court did not abuse its discretion: (1) interest in expeditious resolution of

4   litigation; (2) court's need to manage its docket; (3) risk of prejudice to the defendant; (4) public

5   policy favoring disposition on the merits; and (5) less drastic alternatives).

6         In the instant case, the plaintiff not only failed to comply with this Court's March 9, 2001

7   Order, but also failed to file his amended complaint by a later date that plaintiff's counsel

8   unilaterally set for himself. See Exh. A to Smith Decl. Plaintiff's utter disregard for filing the

9   amended complaint in accordance with the Court's Order, particularly in the overall context of

10  plaintiff's delay and failure to prosecute this action, warrants a dismissal with prejudice.

11

12  **B.    Plaintiff's Indefinite Delays, Continuing Failure to Prosecute this Case and Disregard of a Order of This Court Unfairly Prejudices the Finity Defendants**

13        Plaintiff's motion for leave to amend is the latest in a pattern of proceeding only after a

14  threat that his case is in danger of being dismissed. The record in this case is replete with

15  instances in which the plaintiff's only activity follows the Court's issuance of an OSC or

16  defendant's filing of a motion or *ex parte* application. Plaintiffs and his counsel plainly

17  demonstrate by their cavalier attitude about legally binding deadlines that they do not respect an

18  Order of this Court. Indeed, the circumstances in this case underscore the plaintiff's utter

19  disregard for timely prosecution of this case. Plaintiff is solely responsible for this case

20  languishing on the Court's docket. It is well-established Ninth Circuit law that involuntary

21  dismissal is an appropriate result, where, as here, plaintiff has failed to prosecute the case and the

22  delay is caused by plaintiff. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (court's need to

23  manage docket); Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991) (public

24  policy favoring disposition). Additionally, plaintiff in this case has already been warned that his

25  case was in danger of being dismissed for failure to prosecute. West Coast Theater Corp. v. City

26  of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990) (court should warn that dismissal is imminent).

27        Although no showing of actual prejudice is required, unreasonable delay creates a

28  presumption of prejudice. Morris v. Morgan Stanley & Co., 942 F.2d at 651 (no showing of

udice needed), <u>In re Eisen</u>, 31 F.3d at 1453 (courts presume injury based on the fact

that witnesses move away and their memories fade), <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423

3    (9th Cir. 1986) (unreasonable delay creates presumption of prejudice).

4         The plaintiff's delay in articulating what his allegations actually are, in an amended

5    complaint that seeks to cure the fatal lack of specificity and other obvious inadequacies of the

6    original complaint, is particularly problematic in this case. As noted in plaintiff's papers on file

7    with this Court about service of process in this action, the Finity defendants are alleged to be

8    successors-in-interest to the corporations whose conduct allegedly gave rise to plaintiff's claims.

9    As such, Finity naturally has less access to sources of proof (e.g., its alleged predecessors'

10   management) that may be necessary to refute whatever the plaintiff's allegations will be in this

11   case. That disadvantage only grows worse as more and more time passes while plaintiff fails to

12   proceed. This is an existing and growing prejudice to the Finity defendants. Now, about ten

13   months after the case was filed, the prejudice is considerable.

14   **III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS AN ATTEMPT TO**
15   **CIRCUMVENT AN ORDER OF THIS COURT, FAILS TO COMPLY WITH**
     **RULE 7(b), AND MUST BE DENIED**

16        A motion to amend under Rule 15(a) is subject to the requirements of Rule 7(b), and <u>must</u>

17   <u>set forth with particularity</u> the relief requested and the grounds supporting the application.

18   6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1485 (1990 ed.) (citing

19   Rule 7(b)(1)) (pp. 602-03).  In order to satisfy Rule 7(b), a copy of the amendment should be

20   submitted with the motion so that the Court and the adverse parties know the precise nature of the

21   pleading changes being proposed. <u>Id.</u> at p. 603; <u>see also</u>, <u>Suckow Borax Mines Consol. v. Borax</u>

22   <u>Consolidated</u>, 185 F.2d 196, 209 (9th Cir. 1950) <u>cert. denied</u> 340 U.S. 943 (affirming trial court's

23   denial of motion for leave to amend when, among other things, movant failed to submit a copy of

24   the proposed amendment or suggest to the trial court the nature and text of their proposed

25   amendment).

26        Plaintiff here did not submit a copy of a proposed amended complaint, did not suggest to

27   the Court the nature or text of amendment he seeks to make, and did not advise the Court of

28   precisely when he intends on submitting the amended complaint, having already ignored the

particularity in pleading coupled with his utter ... of this Court is inexcusable, and this Court should deny plaintiff's motion ...ve to amend.

4    Plaintiff's motion pre-supposes that there is no prejudice to defendants if plaintiff

5 continues to delay the orderly prosecution of his case notwithstanding this Court's Order.[2]

6 Granting plaintiff's motion would, in essence, reward plaintiff for his dilatory tactics and his

7 failure to comply with the Federal Rules of Civil Procedure and court-ordered deadlines.  Plaintiff

8 conspicuously omits from his motion the reasons for his continuing failure to file an amended

9 complaint.  No reason is given for plaintiff's admitted failure to obey the Court's March 9, 2001

10 Order.  Some courts have held that an apparent lack of diligence in filing a motion to amend shifts

11 the burden to the movant to prove that the delay was due to excusable neglect.  See, e.g.,

12 Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982) cert.

13 denied 464 U.S. 814 citing Daves v. Payless Cashways Inc., 661 F.2d 1022, 1025 (5th Cir. 1981)

14 (liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long

15 period of time).

16    Plaintiff cites two cases for the general proposition that leave to amend should be liberally

17 granted.  Both cases are readily distinguishable from the facts here.  Plaintiff first cites a Fifth

18 Circuit opinion which is inapposite to plaintiff's motion:  Martin's Herend Imports Inc. v.

19 Diamond & Gem Trading United States of America, Co., 195 F.3d 765, 770-71, n.2 (5th Cir.

20 1999)(holding that although leave to amend is liberally granted, it is not automatic and the trial

21 court did not abuse its discretion in denying leave to amend under the circumstances).  Indeed, as

22 discussed above, the Fifth Circuit holds that where, as here, there is a lack of diligence, it shifts

23 the burden to the moving party to prove delay caused by excusable neglect.  Furthermore,

24 plaintiff's reliance on Lopez v. Smith[3] is misplaced.  In Lopez, dismissal without leave to amend

25 was held improper because the prisoner appearing pro se failed to name the correct defendants

26

27 [2]  While no showing of actual prejudice is required, here it is both presumed and exists as a matter of fact.  See Section II.b. above.

28 [3]  203 F.3d 1122, 1130 (9th Cir. 2000).

...gistrate had previously ruled that such failure was a curable defect. Id. at 1130-31.

...e, no such facts exist, not have any such facts been asserted by plaintiff for the Court's

3   consideration.

4         Rule 15(a)'s liberality cannot be viewed in a vacuum.  It must be applied in the context of

5   the other Rules, (e.g. Rule 41) and case law interpreting them (e.g. Yourish).  In the instant case,

6   the plaintiff not only failed to comply with this Court's March 9, 2001 Order, but also failed to

7   file his amended complaint by a later date that plaintiff's counsel unilaterally set for himself.

8   Here, a motion to dismiss for failure to file the amended complaint by the court-ordered deadline

9   of March 23, 2001 was already pending before plaintiff moved for leave to amend.  Under these

10   circumstances, the motion to amend should be denied.

11   **IV.   CONCLUSION**

12         The plaintiff has had ample opportunities to file the amended complaint and to move this

13   case forward but has not done anything but delay and postpone litigation, and outright ignore this

14   Court's admonitions and disobey its Order.  For the reasons addressed above, this Court should

15   exercise its discretion to deny plaintiff's motion for leave to amend and to dismiss the plaintiff's

16   case with prejudice.

17         In the alternative, however, if the Court is not inclined to dismiss this action with

18   prejudice, then the Finity defendants request that this action be dismissed without prejudice.

19         If, however, the Court is nevertheless inclined to permit the plaintiff further leeway to file

20   his amended complaint, then the Finity defendants respectfully request in the alternative that the

21   Order provide the defendants at least thirty days from the date the plaintiff's amended complaint

22   may be filed and served within which defendants may timely respond (whether by Answer or by

23   Motion).

24         But as authorized by the Ninth Circuit and other authorities cited above, this Court should

25   deny Plaintiff's motion for leave to amend and instead dismiss this action with prejudice.

26   ///

27   ///

28   ///

OPPOSITION TO MOTION TO AMEND              7
Case No. 00CV1527-J(BEN)              35358v1/33249.00007/05.14.2001

Plaintiff has failed to proceed, notwithstanding multiple chances to do so and in violation of an

2 │ Order of this Court setting a now long-past deadline to do so.

3

4   Dated: May 14, 2001                     Respectfully submitted,

5                                           SQUIRE, SANDERS & DEMPSEY L.L.P.

6                                           By _____

7                                              Mark C. Dosker

8                                           Attorneys for Defendants
9                                           FINITY HOLDINGS, INC., f/k/a
                                            COLUMBIA CAPITAL CORPORATION, and
10                                          FINITY CORPORATION, f/k/a/
                                            FIRST INDEPENDENT COMPUTER CORP.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO AMEND                                                      8
Case No. 00CV1527-J(BEN)                              35358v1/33249.00007/05.14.2001

## PROOF OF SERVICE

2    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Suite 300,

3    San Francisco, California 94111.

4    On May 14, 2001, I served the documents described as:

5    **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

6

7    on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Thomas D. Mauriello<br>LAW OFFICES OF THOMAS D. MAURIELLO<br>4040 Civic Center Drive, Suite 200<br>San Rafael, CA 94903 | *Via Messenger and Facsimile* |
| Darren J. Quinn<br>Law Offices of Darren J. Quinn<br>101 West Broadway, Ste. 1950<br>San Diego, CA 92101-3548 | *Via Overnight Delivery and Facsimile* |

14

15    [   ] **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal

16    service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed

17    invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18    [XX] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

19

20    [XX] **(BY FACSIMILE)** I caused such document to be transmitted by facsimile to the offices of the addressees, as noted on the list. Upon completion of the said facsimile transmission,

21    the transmitting machine issued a transmission report showing the transmission was complete and without error.

22    [XX] **(OVERNIGHT DELIVERY)** I caused personal delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee (as noted on the

23    list), with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery fees paid or provided for in accordance with

24    ordinary business practices.

25

26    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 14, 2001, at San Francisco, California.

27

28

_____
Barbera Allen